DECISION
Plaintiff appeals Defendant's Notice of Deficiency Assessment, dated September 17, 2007, denying the Working Family Credit and Child and Dependent Care Credit claimed for tax year 2006. A trial was held March 20, 2008, in the Oregon Tax Courtroom, Salem, Oregon. Plaintiff appeared on his own behalf. Linnea Wittekind, Tax Auditor, appeared on behalf of Defendant.
 I. STATEMENT OF FACTS
Plaintiff, a divorced father, testified that his brother, who lived with Plaintiff, provided child care for his four children while he worked the night shift. He testified that he paid his brother $1.50 per hour per child. Plaintiff testified that, even though he had a checking account, he paid his brother in cash. He testified that there were times when he did not pay his brother in cash. On those occasions, Plaintiff used his debit card to purchase some item for his brother. Plaintiff testified that his brother did not pay rent.
Plaintiff testified that he is entitled to claim a child care expense in the amount of $6,623. Plaintiff submitted no evidence in advance of trial. In support of his claimed child care expenses, Plaintiff submitted copies of Earnings Statements for periods ending December 17, 2006, and December 31, 2006, at trial. Defendant did not object. Prior to trial, Defendant submitted copies of Plaintiff's Earnings Statements for periods ending July 2, 2006 through December 3, 2006. *Page 2 
(Def's Exs B-M.) Plaintiff testified that, in addition to the hours he worked, a commute time of 60 minutes needs to be added for each shift. He submitted copies of public school attendance records for Marisela Garcia and Isabel Garcia and private care records for Jose Daniel Garcia, showing the days each child was absent from school. Plaintiff testified that when a child was home from school he paid his brother to watch the child so he could sleep. Defendant computed a total "Estimated Expense Per $1.5hr" of $1,275 for one child. (Def's Ex A.) Plaintiff testified that to that amount must be added two additional pay periods (ending December 17, 2006, and December 31, 2006), commute time, and sick day care.[1]
Defendant testified that there is no substantiation "to prove money exchanged hands." (Def's Answer at 1.) Defendant submitted copies of Plaintiff's checking account statements from Intermountain Community Bank. (Def's Ex N-CC.) Defendant testified that Plaintiff deposited his entire check and the withdrawals from automatic teller machines did not match the dates and amounts on the unnumbered receipts for child care expenses signed by Plaintiff's brother and provided by Plaintiff with his Complaint. Plaintiff responded that the unnumbered receipts were prepared by his brother at the end of the year rather than contemporaneously at the time Plaintiff paid his brother.
Plaintiff testified that he only claimed child care expenses one other time and he was not asked for substantiation. He testified that he did not know that he was required to keep receipts and document his expenses. *Page 3 
 II. ANALYSIS
Oregon allows a qualifying taxpayer to claim a refundable credit to partially offset the taxpayer's child care costs incurred when a taxpayer is working or attending school. ORS 315.262.[2] That credit is commonly referred as the working family child care credit. The statute provides in relevant part:
 "A qualified taxpayer shall be allowed a credit against the taxes otherwise due under ORS Chapter 316 equal to the applicable percentage of the qualified taxpayer's child care expenses (rounded to the nearest $50.)"
ORS 315.262(2).
In addition to the working family child care credit, ORS 316.078
provides for a nonrefundable credit for certain employment-related expenses, including child care, paid by a taxpayer for the care of a dependent child or children. That credit is commonly referred by the short title "child care credit." Plaintiff claimed a working family child care credit and a child care credit. To receive either or both credits, a taxpayer must pay for child care. After requesting substantiation for the child care expenses paid by Plaintiff and receiving nothing that met its substantiation requirements, Defendant denied Plaintiff's claimed credits. Plaintiff appeals Defendant's denial.
The issue before the court is whether Plaintiff is entitled to claim a working family child care credit and child care credit and, if so, the allowable amount of the credits. "In all proceedings before the judge or a magistrate of the tax court and upon appeal therefrom, a preponderance of the evidence shall suffice to sustain the burden of proof. The burdenof proof shall fall upon the party seeking affirmative relief[.]" ORS305.427 (emphasis added.) Plaintiff must establish his claim "by a preponderance of the evidence, or the more convincing or greater *Page 4 
weight of evidence." Schaefer v. Dept. of Rev., TC No 4530 at 4 (July 12, 2001) (citing Feves v. Dept. of Rev., 4 OTR 302 (1971)).
Plaintiff testified that he chose to pay his child care expenses in cash or to exchange consumable goods for child care services. He offered sworn testimony as his only evidence. Plaintiff offered no independently verifiable documentation to support his testimony that he paid for child care expenses in cash. He offered no cancelled checks or contemporaneously prepared receipts. Even though his brother who provided the child care accompanied him to trial, Plaintiff did not call his brother to testify. The court was offered no explanation as to why Plaintiff paid his brother to care for his children when Plaintiff provided free room and board to his brother. The evidence (payroll payment stubs and school attendance records) Plaintiff did submit at trial, in addition to Defendant's evidence (payroll payment stubs), do not support the amount of child care expense ($6,623) he asks the court to accept as paid. Plaintiff failed to submit a itemized list of child care expenses by date and amount. The court was requested to use the payroll payment stubs and school attendance records to compute the total hours of child care and multiply those hours times $1.50 per child to arrive at the total amount of child care expenses paid for 2006. Unfortunately, even though the court complied with Plaintiff's request, the total was more than the amount of child care expenses Plaintiff claims to have paid. The court is left with no explanation as to how Plaintiff computed the child care expenses he claims. The court was provided little verifiable evidence to support Plaintiff's request, and what was provided does not convince the court that Plaintiff is entitled to the child care expense he claims.
 III. CONCLUSION
After careful consideration of the testimony describing unsubstantiated cash payments allegedly paid to Plaintiff's relative (his brother) and the lack of information to support the total *Page 5 
amount of child care expenses, the court concludes that the child care expenses claimed by Plaintiff have not been adequately substantiated. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiff has not substantiated the child care expenses claimed on his 2006 Oregon state income tax return, and that the working family child care credit and dependent child care credit are denied.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Presiding Magistrate Jill A. Tanner onJune 4, 2008. The Court filed and entered this document on June 4,2008.
[1] Plaintiff did not submit a total amount. Using the information provided by Defendant and supplemental information submitted by Plaintiff at trial, the court computed an amount of $7,878, which is more than Plaintiff's requested amount ($6,623).
[2] All references to the Oregon Revised Statutes (ORS) are to 2005. *Page 1